# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00685-CV

**Jason Spence**, **Individually and as Heir and Representative of the Estate of David Spence, Deceased; Joel Spence, Individually and as Heir and Representative of the Estate of David Spence, Deceased; and Estate of Anthony Melendez, Appellants**

**v.**

**State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. D-1-GN-17-001735, HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Jason Spence and Joel Spence, Individually and as Heirs and Representatives of the Estate of David Spence, Deceased, and the Estate of Anthony Melendez sought damages against the State and declaratory, injunctive, and equitable relief stemming from the alleged wrongful conviction, imprisonment, and deaths of David Spence and Anthony Melendez. Appellants raise five issues on appeal from the trial court's order granting a motion to dismiss by the State of Texas based on sovereign immunity pursuant to Rule 91a. *See* Tex R. Civ. P. 91a. For the following reasons, we affirm the trial court's order.

**Background**

**Compensation for Wrongful Imprisonment in Texas**

To give context to appellants' asserted claims against the State, we begin with a brief discussion of Chapter 103 of the Texas Civil Practice and Remedies Code, which prescribes an administrative procedure for a claimant to obtain compensation for wrongful imprisonment in Texas. *See* Tex. Civ. Prac. & Rem. Code §§ 103.001–.154; *Ex parte Springsteen*, 506 S.W.3d 789, 790–94 (Tex. App.—Austin 2016, pet. denied) (providing discussion of application process and requirements to obtain compensation under Chapter 103 for wrongful imprisonment). In general, the claimant files an application for compensation with the Comptroller. *See* Tex. Civ. Prac. & Rem. Code § 103.051. If the Comptroller denies the application, "the claimant may bring an application for mandamus relief." *See id.* § 103.051(d). The application for mandamus relief "must be filed in the Texas Supreme Court, as only that court has jurisdiction to issue the writ against the Comptroller." *Ex parte Springsteen*, 506 S.W.3d at 794 (citing, among other authority, Tex. Gov't Code § 22.002(c)).

As a threshold matter, a complaint must satisfy one of the alternatives set forth in Section 103.001(a) to be entitled to compensation for wrongful imprisonment in Texas. That section provides:

(a)     A person is entitled to compensation if:

    (1)     the person has served in whole or in part a sentence in prison under the laws of this state; and

    (2)     the person:

(A) has received a full pardon on the basis of innocence for the crime for which the person was sentenced;

(B) has been granted relief in accordance with a writ of habeas corpus that is based on a court finding or determination that the person is actually innocent of the crime for which the person was sentenced; or

(C) has been granted relief in accordance with a writ of habeas corpus and:

(i) the state district court in which the charge against the person was pending has entered an order dismissing the charge; and

(ii) the district court's dismissal order is based on a motion to dismiss in which the state's attorney states that no credible evidence exists that inculpates the defendant and, either in the motion or in an affidavit, the state's attorney states that the state's attorney believes that the defendant is actually innocent of the crime for which the person was sentenced.

Tex. Civ. Prac. & Rem. Code § 103.001(a). Relevant to this appeal, a claimant's entitlement to compensation under this section requires a determination of innocence. *See id.* Also relevant here, section 103.001(c) allows recovery for a person's heirs, legal representative, and estate as follows:

(c) If a deceased person would be entitled to compensation under Subsection (a)(2) if living, including a person who received a posthumous pardon, the person's heirs, legal representative, and estate are entitled to lump-sum compensation under Section 103.052.

*Id.* § 103.001(c). With this statutorily prescribed administrative procedure in mind, we turn to appellants' asserted claims against the State that stem from their allegations of the wrongful conviction, imprisonment, and deaths of David Spence and Anthony Melendez.

3

**Appellants' Claims Against the State**

Jason Spence and Joel Spence are the sons of David Spence.[1]  In 1990, the Texas Court of Criminal Appeals affirmed Spence's 1984 capital murder conviction and death sentence for his involvement in the murder of Jill Montgomery.  *See generally Spence v. State*, 795 S.W.2d 743 (Tex. Crim. App. 1990), *cert. denied*, 499 U.S. 932 (1991).  On the same day, the Texas Court of Criminal Appeals in an unpublished opinion affirmed Spence's capital murder conviction and death sentence for his involvement in the murder of Kenneth Franks.  *See id.* at 746 n.1.  Spence thereafter unsuccessfully filed applications for state and federal writs of habeas corpus regarding the convictions and death sentences.  *See generally Spence v. Johnson*, 80 F.3d 989 (5th Cir. 1996), *cert. denied*, 519 U.S. 1012 (1996) (detailing factual background of murders, Spence's convictions, and his various applications for habeas corpus relief that were filed in state and federal courts, which were all denied).  Spence was executed by lethal injection in 1997.

Anthony Melendez pleaded guilty to two counts of murder and received two life sentences for his involvement in the murders of Montgomery and Franks.  He remained in prison until he died in January 2017.

Appellants filed suit against the State on April 19, 2017, seeking declaratory relief under the Uniform Declaratory Judgments Act (UDJA) based on the alleged wrongful convictions, imprisonment, and deaths of Spence and Melendez.  *See* Tex. Civ. Prac. & Rem. Code §§ 37.001–.011.  Appellants asserted that Spence and Melendez were innocent and did not commit the murders, and they sought declaratory relief that they "were entitled to Writ of Habeas Corpus

---

[1]  In this opinion, we refer to David Spence by his last name.

relief and compensation under Chapter 103 for the time that [Spence and Melendez] were wrongfully imprisoned." *See id.* § 103.001 (generally entitling claimant to compensation based on determination that claimant was "actually innocent" of crime for which he was sentenced). They requested that the trial court "utilize the powers granted it under the Declaratory Judgment[s] Act and determine the facts underlying this cause" and "declare that David Spence and Anthony Melendez were actually innocent, that no reasonable jury would or could have found them guilty, and that they were wrongfully imprisoned, and in David Spence's case, wrongfully executed."[2]

On June 26, 2017, the State filed a motion to dismiss appellants' lawsuit with prejudice pursuant to Texas Rule of Civil Procedure 91a. *See* Tex. R. Civ. P. 91a. The State contended that appellants' lawsuit was baseless in law because appellants did not identify a waiver of sovereign immunity in their pleadings that would permit them to seek declaratory relief against the State and that no such waiver could be reasonably inferred.

Appellants filed a response to the State's motion to dismiss and a second amended petition on July 27, 2017. In their second amended petition, appellants pleaded that the State had waived immunity as to all of their claims and that the trial court had jurisdiction over their lawsuit. They added claims under the Texas Tort Claims Act's [TTCA] waiver of immunity for personal injury and death "caused by the condition or use of tangible personal or real property including but not limited to a syringe filled with lethal chemicals." *See* Tex. Civ. Prac. & Rem. Code § 101.021(2) (providing limited waiver of governmental immunity arising from the "condition or use of tangible

---

[2] Appellants filed an amended petition in May 2017, continuing to assert their claims pursuant to the UDJA and substantively seeking the same declarations that they sought in their original petition for declaratory judgment.

personal or real property"). Appellants also sought monetary damages,[3] expanded their requests for declaratory relief, and sought injunctive and equitable relief challenging the constitutionality of statutes. They contended that section 103.001(c) of the Texas Civil Practice and Remedies Code, "that contemplates compensation for a deceased individual," and article 11.01 of the Texas Code of Criminal Procedure, that "contemplates a living complainant," are in conflict and violate substantive due process and associated equal protection guaranteed by the Texas Constitution. *See* Tex. Const. art. I, §§ 3 (equal rights), 19 (due course of law); Tex. Civ. Prac. & Rem. Code § 103.001(c); Tex. Code Crim. Proc. art. 11.01 (providing that "[t]he writ of habeas corpus is the remedy to be used when any person is restrained in his liberty"). Alternatively, they contended that article 11.01 violates article I, section 19 of the Texas Constitution. *See* Tex. Const. art. I, § 19.

As to the declarations that they sought in their second amended petition, appellants continued to request that the court "utilize the powers granted it under the [UDJA] and determine the facts underlying this cause including the actual innocence of Spence and Melendez." But they also requested a declaration that "[t]aken together, Chapter 103 and Article 11.01 are invalid statutes" because "[e]nforcement of Chapter 103 with its reliance on Habeas Corpus relief is

---

[3] Appellants sought "[a]ctual damages for pain and suffering, mental anguish, lost income, lost liberty, punitive damages, and loss of consortium."

6

unconstitutional and violative of Sections 3 and 19 of Article I of the Texas Constitution."[4] *See id.* §§ 3, 19.

In their response to the State's motion to dismiss, appellants asserted that the State waived immunity under section 101.021(2) of the TTCA, *see* Tex. Civ. Prac. & Rem. Code § 101.021(2), and under the UDJA because the "constitutionality of a statute [was] the issue and equitable relief [was] sought." They also asserted that Texas Rule of Civil Procedure 91a was an improper method for the State to raise sovereign immunity.

The State filed a reply to appellants' response on July 31, 2017, addressing appellants' TTCA and UDJA claims asserted in their second amended petition and arguing that appellants had not cured the jurisdictional defects in their pleadings. Among its arguments, the State argued that "any tort claim asserted by Plaintiffs as a jurisdictional basis for their suit [was] barred

---

[4] In the prayer section of their second amended petition, appellants state their requested declarations as follows:

- "Texas Code of Criminal Procedure Article 11.01 as it pertains to Plaintiffs is invalid and violates the Texas Constitution."

- "[T]here is no rational basis for the complained of portions of Article 11.01 as same relates to Plaintiffs."

- "Chapter 103 of the Texas Civil Practice and Remedies Code as it pertains to Plaintiffs is invalid and violates the Texas Constitution."

- "[T]here is no rational basis for the complained of portions of Chapter 103 as same relates to Plaintiffs."

- "Habeas Corpus relief is available when the individuals who were wrongfully imprisoned are now deceased."

7

by the applicable statute of limitations." The State also continued to assert its immunity from appellants' claims and argued that appellants had been given an opportunity to cure their pleadings but had failed to do so.

Following a hearing on August 3, 2017, the trial court signed an order granting the State's motion to dismiss and dismissing appellants' suit with prejudice. Appellants filed a motion for new trial and to set aside the dismissal, which was overruled by operation of law. This appeal followed.

**Analysis**

Appellants raise five issues on appeal. In their first and second issues, they argue that the trial court erred in granting the State's 91a motion to dismiss their TTCA claims on sovereign immunity or limitations grounds. In their third issue, they argue that the trial court erred in granting the States's 91a motion to dismiss their UDJA claims on sovereign immunity grounds, and, in their fourth and fifth issues, they argue that the trial court erred by failing to restart the notice and response deadlines according to Rule 91a.5(d) and that the trial court erred by dismissing appellants' claims with prejudice.

**Standard of Review**

Relevant to this appeal, dismissal is appropriate under Rule 91a on the ground that the plaintiff's "cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." Tex. R. Civ. P. 91a.1. "Whether the dismissal standard is satisfied depends 'solely on the pleading of the

8

cause of action.'" *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (quoting Tex. R. Civ. P. 91a.6). We review a trial court's ruling on a Rule 91a motion de novo "because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *Id.*; *see Koenig v. Blaylock*, 497 S.W.3d 595, 598 (Tex. App.—Austin 2016, pet. denied) (reviewing ruling on Rule 91a motion to dismiss de novo); *Wooley v. Schaffer*, 447 S.W.3d 71, 75 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (analogizing dismissal grounds under Rule 91a to "pleas to the jurisdiction, which require a court to determine whether the pleader has alleged facts demonstrating jurisdiction").

The State's Rule 91a motion challenged the trial court's subject matter jurisdiction over appellants' claims based on sovereign immunity. *See Patel v. Texas Dep't of Licensing & Regulation*, 469 S.W.3d 69, 75 (Tex. 2015) ("Sovereign immunity implicates a trial court's jurisdiction, and, when it applies, precludes suit against a governmental entity."). "Whether a pleader has alleged facts affirmatively demonstrating the existence of subject-matter jurisdiction is a question of law reviewed de novo." *Sanchez*, 494 S.W.3d at 725 (citing *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004)). Thus, in conducting our analysis as to whether the trial court erred in dismissing appellants' claims under Rule 91a, we consider whether their pleadings, liberally construed, allege sufficient facts to affirmatively demonstrate the State's waiver of sovereign immunity or that sovereign immunity does not apply to appellants' claims. *See id.* Although appellants address their UDJA claims in their third issue on appeal, we begin our analysis with those claims.

9

**UDJA Claims**

In their third issue, appellants argue that the trial court erred by dismissing their UDJA claims on the ground of sovereign immunity because the State was a necessary party to their challenge to the constitutionality of statutes. They also argue that they provided fair notice of their claims in their pleadings, including their claims for declaratory relief, and that they were not required "to set out their evidence" or to "address in their petitions every single defense that the State of Texas might have asserted if it had filed an answer." *See* Tex. R. Civ. P. 45 (requiring "fair notice" of cause of action and grounds of defense), 47 (requiring pleading setting forth claim for relief "to give fair notice of the claim involved").

We agree with appellants that sovereign immunity generally is inapplicable when a suit challenges the constitutionality of a statute and seeks equitable relief. *See Patel*, 469 S.W.3d at 75–76. If the plaintiff fails to plead a viable claim, however, the governmental defendant remains immune from suit. *See Andrade v. NAACP of Austin*, 345 S.W.3d 1, 11 (Tex. 2011) (considering substance of constitutional claim when reviewing plea to jurisdiction and noting that immunity was retained unless viable claim pleaded). "And a litigant's couching its requested relief in terms of declaratory relief does not alter the underlying nature of the suit." *See Texas Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011); *see also Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011) (per curiam) (stating that "UDJA does not enlarge the trial court's jurisdiction but is merely a procedural device for deciding cases already within a court's jurisdiction" (internal quotations and citation omitted)). As such, "sovereign immunity will bar an otherwise proper [U]DJA claim that has the effect of establishing a right of relief against the State

10

for which the Legislature has not waived sovereign immunity." *Sawyer Trust*, 354 S.W.3d at 388 (citing *City of Hous. v. Williams*, 216 S.W.3d 827, 828–29 (Tex. 2007) (per curiam)).

Applying these principles of law, the question before us is whether appellants pleaded a viable UDJA claim challenging the constitutionality of a statute, and we look to the underlying nature of their claims in resolving this question. In their pleadings, appellants asserted that "taken together, Chapter 103 and Article 11.01 are invalid statutes" because they violate "Sections 3 and 19 of Article I of the Texas Constitution," they sought declarations to that effect, and they sought injunctive relief that would allow them to pursue habeas relief. *See* Tex. Const. art. I, §§ 3, 19; Tex. Civ. Prac. & Rem. Code § 103.001; Tex. Code Crim. Proc. art. 11.01. They asserted that they were "entitled to Writ of Habeas Corpus relief and award of compensation under Chapter 103 for the time [Spence and Melendez] were wrongfully imprisoned, but are prevented by unconstitutional statutes." Appellants' challenge to the constitutionality of the statutes "[t]aken together" is based on their assertion that they are precluded from compensation in section 103.001(c) because habeas corpus relief, as defined in article 11.01, is only available to a "living complainant." *See* Tex. Civ. Prac. & Rem. Code § 103.001; Tex. Code Crim Proc. art. 11.01.

As acknowledged in appellants' pleadings, however, the underlying nature of their ultimate claim for relief is compensation under Chapter 103.[5] Entitlement to compensation under Chapter 103 is contingent as a threshold matter on a court's determination that Spence and Melendez

---

[5] Consistent with their pleadings, appellants state in their briefing to this Court that they "sought a declaratory judgment and injunctive relief so that they can, upon receiving the requested relief from the trial court, pursue their claims for wrongful imprisonment under Tex. Civ. Prac. & Rem. Code § 103.001."

11

were actually innocent of the murders and thus wrongfully imprisoned. *See* Tex. Civ. Prac. & Rem. Code § 103.001(a)(2)(B) (requiring "relief in accordance with a writ of habeas corpus that is based on a court finding or determination that the person is actually innocent"). The Court of Criminal Appeals and the convicting trial courts have exclusive jurisdiction over questions regarding the actual innocence of Spence and Melendez. *See Ex parte Springsteen*, 506 S.W.3d at 801–02 (concluding, in context of reversed conviction on direct appeal, that district court did not have jurisdiction "for purposes of litigating, through the UDJA, an underlying 'actual innocence' claim" in order to establish eligibility for compensation under chapter 103 and observing that declaration of actual innocence by civil court would amount to "abstract proposition of law having no impact on [claimant's] asserted eligibility for compensation under [section 103.001(a)(2)(B)]—the distinguishing characteristic of an advisory opinion"); *see also* Tex. Code Crim. Proc. arts. 11.07 (establishing procedures for application of writ of habeas corpus seeking relief from felony judgment imposing penalty other than death), .071 (establishing procedures for application of writ of habeas corpus seeking relief from judgment imposing death penalty). Further, civil courts generally do not have jurisdiction to make declarations of rights and status under criminal laws, such as Article 11.01 of the Texas Code of Criminal Procedure. *See Ex parte Springsteen*, 506 S.W.3d at 801–02 (observing "jurisdictional prohibitions against civil courts issuing UDJA declarations of rights and status under the criminal law" (citing *State v. Morales*, 869 S.W.2d 941, 946–48 (Tex. 1994))).

We also observe that "[t]he right to compensation under Chapter 103 is purely a creature of statute" with "a specific procedural mechanism for obtaining that remedy—application to the Comptroller, with judicial review solely by mandamus to the Texas Supreme Court." *See id.*

12

at 799–80 (observing that chapter 103 was "enacted pursuant to a constitutional authorization that also explicitly permits the Legislature to impose 'such regulations and limitations' on the compensation right 'as the Legislature may deem expedient'" (citing and quoting Tex. Const. art. III, § 51-c)); *see also State v. Young*, 265 S.W.3d 697, 708 (Tex. App.—Austin 2008, pet. denied) (observing that it "remains the legislature's prerogative to balance the competing interests and decide the extent of the waiver" in Chapter 103). Under Chapter 103's administrative procedure, the Comptroller—not a court—has exclusive jurisdiction to make an initial determination under Chapter 103, displacing "any jurisdiction that [a court] might otherwise possess over the subject matter," and judicial review of the Comptroller's determination would be with the Texas Supreme Court. *See Ex parte Springsteen*, 506 S.W.3d at 799–800 (citing *Thomas v. Long*, 207 S.W.3d 334, 342 (Tex. 2006)); *see also* Tex. Const. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body.").

Because the convicting trial courts, the Texas Court of Criminal Appeals, and the Comptroller have exclusive jurisdiction over the substance of the various aspects of appellants' ultimate claim for relief—compensation under Chapter 103, which is contingent on a criminal court's determination of actual innocence—we conclude that appellants did not plead a viable UDJA claim to establish the trial court's subject matter jurisdiction over those claims. *See Sefzik*, 355 S.W.3d at 621–22; *Sawyer Trust*, 354 S.W.3d at 388; *Andrade*, 345 S.W.3d at 11; *Ex parte Springsteen*, 506 S.W.3d at 799–801 (recognizing exclusive jurisdiction that conferred on criminal

13

courts or Comptroller to determine underlying substance of claims seeking compensation under Chapter 103 and concluding that appellant "had not pleaded any viable Due-Process-based claim," explaining that "asserted 'property right' on which he predicates his arguments amounts merely to whatever compensation the Comptroller, subject to Texas Supreme Court review, determines he is owed under Chapter 103"); *see also* Tex. Const. art. V, § 8.

Based on our conclusion that the trial court does not have subject matter jurisdiction over appellants' UDJA claims, we conclude the trial court did not err in dismissing those claims pursuant to Rule 91a on the ground that they were baseless in law. *See* Tex. R. Civ. P. 91a. We overrule appellants' third issue.[6]

**Claims based on TTCA**

In their first issue, appellants argue that there is a basis in law for their TTCA claims and that the State may not rely on sovereign immunity as support for its Rule 91a motion as to those claims because it did not file an answer asserting sovereign immunity and that "the proper means to assert immunity from suit" would have been a plea to the jurisdiction or special exceptions. Appellants further argue that "the proper remedy for a sovereign immunity jurisdictional issue is to allow [them] the opportunity to re-plead to cure the defect, if any" and, as they argued as to their

---

[6] We also observe that appellants' position that heirs are precluded from compensation under section 103.001 is contrary to the plain language of subsection (a)(2)(A), that authorizes compensation to a person's heirs, legal representatives, and estate after a person dies if the person receives a posthumous pardon on the basis of innocence. *See* Tex. Civ. Prac. & Rem. Code § 103.001(a)(2)(A).

UDJA claims, they argue that they provided fair notice of their TTCA claims in their pleadings. *See* Tex. R. Civ. P. 45, 47.

Sovereign immunity from suit, however, is not an affirmative defense that the State must plead or raise in special exceptions or a plea to the jurisdiction in order to raise it in a Rule 91a motion. *See Sanchez*, 494 S.W.3d at 724–25 (rendering judgment dismissing claims against city pursuant to Rule 91a based on pleader's failure to invoke waiver of immunity); *Hegar v. CHZP, LLC*, No. 03-17-00214-CV, 2018 Tex. App. LEXIS 4803, at *3 (Tex. App.—Austin June 28, 2018, no pet.) (mem. op.) ("A state agency may assert sovereign immunity 'through a plea to the jurisdiction or other procedural vehicle, such as a motion for summary judgment' or a Rule 91 motion." (quoting *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018))); *see also Miranda*, 133 S.W.3d at 224 (explaining that immunity from liability is affirmative defense but immunity from suit deprives court of subject matter jurisdiction). Thus, the State properly raised sovereign immunity as a basis for dismissing appellants' claims pursuant to Rule 91a. *See Sanchez*, 494 S.W.3d at 724–25; *CHZP, LLC*, 2018 Tex. App. LEXIS 4803, at *3; *see, e.g.*, *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) (explaining that sovereign immunity deprives courts of subject matter jurisdiction and that governmental entity may raise it for first time on appeal).

Further, although the TTCA is a limited waiver of sovereign immunity, the State retains its immunity against intentional torts. *See* Tex. Civ. Prac. & Rem. Code § 101.057(2) (stating that "chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort"); *City of Watauga v. Gordon*, 434 S.W.3d 586, 587 (Tex. 2014) (stating that TTCA "does not waive immunity when the claim arises out of an intentional tort"); *Rusk State*

15

*Hosp.*, 392 S.W.3d at 99–100 (concluding claim based on murder or assisted suicide barred by intentional tort exception because either offense "require[d] actions taken with intent to cause harm"); *see also Texas Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587–88 (Tex. 2001) (stating that, when sovereign immunity is at issue, "mere reference" to TTCA does not demonstrate State's consent to be sued and "is not enough to confer jurisdiction on the trial court").

In their second amended petition, appellants' TTCA claims alleged that they "suffered personal injury and death by and through the Defendant and its agents and employees' wrongful acts and omissions and said personal injury and death were caused by the condition or use of tangible personal or real property including but not limited to a syringe filled with lethal chemicals." *See* Tex. Civ. Prac. & Rem. Code § 101.021(2) (providing that governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law"). Appellants, however, did not allege facts in regard to Spence that would support that use of the syringe was done negligently or without intent. *See* Tex. Code Crim. Proc. arts. 43.14(a) (addressing execution of convict "by intravenous injection of a substance or substances in a lethal quantity sufficient to cause death"), 43.15 (addressing warrant of execution). We further observe that the underlying basis for appellants' TTCA claims concerning Spence, as was the case with their UDJA claims, is that he was wrongfully imprisoned and executed because he was innocent, which we have determined that the trial court did not have jurisdiction to determine.[7] *See Sawyer Trust*,

---

[7] Appellants' briefing conforms with our observation of the underlying nature of their claims. They argue that their "second amended petition articulates the [TTCA] claims that were implicit in the earlier petitions."

16

354 S.W.3d at 388; *Ex parte Springsteen*, 506 S.W.3d at 801–02. Based on our review of appellants' pleadings, we conclude that the State retained its immunity from appellants' TTCA claims concerning Spence.

Based on our review of appellants' pleadings, we also conclude that the State retained its immunity from appellants' TTCA claims concerning Melendez. Appellants asserted in their pleadings that Melendez "was denied proper medical care during his incarceration and died as a result."[8] Under section 101.021(2) of the TTCA, however, the "non-use" of property does not waive sovereign immunity. *See Sanchez*, 494 S.W.3d at 724 (holding that governmental immunity was not waived and that dismissal was required "because the requisite causal nexus between the alleged condition and [claimant]'s injury [was] lacking"); *Miller*, 51 S.W.3d at 587–88 (distinguishing between "claims involving the failure to use, or the non-use of property, which do not waive sovereign immunity, from claims involving a 'condition or use" of tangible personal property that causes injury, which do effect a waiver").

As part of this issue, appellants also contend that the proper remedy for a sovereign immunity jurisdictional issue is to allow them the opportunity to amend their pleadings, but they have already had that opportunity and have not suggested a cure that would establish the trial court's jurisdiction over any of their claims. *See Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (explaining that "pleader must be given an opportunity to amend in response to a plea

---

[8] In their briefing on appeal, appellants argue that they sued the state "for lack of proper care for Melendez which, upon information and belief, contributed to his death (lack of use of tangible personal property, i.e., medical equipment; or use of real property, i.e., a state prison, which prevented Melendez from seeking his own medical treatment)."

17

to the jurisdiction only if it is possible to cure the pleading defect," observing that pleader had "made no suggestion as to how to cure the jurisdictional defect," and denying remand to allow opportunity to amend pleadings); *see also Miranda*, 133 S.W.3d at 227 ("If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend."). Thus, we deny their request to remand the case back to the trial court to allow them another opportunity to amend their pleadings. *See Koseoglu*, 233 S.W.3d at 840.

Based on our review of appellants' pleadings, we conclude that appellants did not allege sufficient facts to affirmatively establish a waiver of the State's sovereign immunity as to their TTCA claims and, therefore, that the trial court did not err in granting the State's Rule 91a motion to dismiss those claims. *See* Tex. R. Civ. P. 91a. We overrule their first issue.[9]

**Restarting of Deadlines**

In their fourth issue, appellants argue that the trial court erred by failing to restart the notice and response deadlines according to Rule 91a.5(d). *See id.* R. 91a.5(d). That provision of the rule provides that "an amended motion [to dismiss] filed in accordance with (b) restarts the time periods in this rule." *See id.* Relevant to this appeal, Rule 91a.5(b) provides that the movant may file "an amended motion directed to the amended cause of action" when "the respondent amends the challenged cause of action at least 3 days before the date of the hearing." *Id.* R. 91a.5(b); *see id.*

---

[9] Because our resolution of appellants' first issue is dispositive of the trial court's subject matter jurisdiction over appellants' TTCA claims, we do not address appellants' second issue that challenges an alternative ground for dismissing those claims—that they were barred by the applicable statute of limitations. *See* Tex. R. App. P. 47.1, 47.4.

18

R. 91a.3(b) (stating that "motion to dismiss must be . . . filed at least 21 days before the motion is heard"), R. 91a.6 (entitling each party "to at least 14 days' notice of the hearing on the motion to dismiss").

Appellants filed their response to the State's motion to dismiss and their second amended petition on July 27, 2017; the State filed a reply to the response on July 31, 2017; and the trial court held the hearing on the State's motion on August 3, 2017. Appellants argue that the State's reply in effect amended its motion to dismiss because the reply addressed appellants' claims in their second amended petition and "brought in a host of new, tangentially-related issues" and thus the reply restarted the time periods in Rule 91a. Appellants argue that they "were deprived of proper notice and the opportunity to respond to the State's newly-asserted issues."

Even if we assume without deciding that the trial court erred by proceeding with the hearing on August 3, 2017, appellants have not addressed how the trial court's failure to restart the notice and response deadlines resulted in an improper judgment or their inability to properly present their case on appeal. *See* Tex. R. App. P. 44.1(a) ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals."). The State raised sovereign immunity in its motion to dismiss; thus, appellants were aware of this asserted ground for dismissal when they amended their petition and filed their response.

19

On this record, we conclude that any error by the trial court in proceeding with the hearing on the State's motion to dismiss was harmless, and, on this basis, we overrule appellants' fourth issue. *See id.*

**Dismissal with Prejudice**

In their fifth issue, appellants argue that the trial court erred by dismissing their claims with prejudice. They argue that nothing in the plain language of Rule 91a "contemplates the dismissal of a case with prejudice" and that as "a matter of equity" dismissal should be without prejudice.

When a trial court lacks subject matter jurisdiction because of sovereign immunity and a plaintiff has been provided a reasonable opportunity to amend its pleadings but has not alleged facts that would constitute a waiver, dismissal with prejudice is appropriate. *See Harris County v. Sykes*, 136 S.W.3d 635, 639–40 (Tex. 2004) (citing "line of decisions stating that dismissal with prejudice is appropriate when a trial court lacks subject matter jurisdiction because of the sovereign immunity bar" and stating, in context of plaintiff who was subject to plea to jurisdiction and provided reasonable opportunity to amend, that "[s]uch a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once the issue has been finally determined"); *Stallworth v. Ayers*, 510 S.W.3d 187, 188–89, 194 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (affirming order dismissing claims with prejudice under Rule 91a because claims were barred as matter of law); *Odam v. Texans Credit Union*, No. 05-16-00077-CV, 2017 Tex. App. LEXIS 8189, at *20 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (mem. op.) (affirming order dismissing case with prejudice under Rule 91a); *cf.* Tex. R. Civ. P. 91a.5(a)

20

(prohibiting court from ruling on Rule 91a motion to dismiss "if, at least 3 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action").

After the State filed its Rule 91a motion to dismiss on the ground of sovereign immunity, appellants filed an amended petition, but they have not alleged facts that would constitute a waiver of sovereign immunity or made a suggestion that would cure the jurisdictional defect in their pleadings. *See Koseoglu*, 233 S.W.3d at 840; *Sykes*, 136 S.W.3d at 639–40. Thus, we conclude that dismissal with prejudice was proper and overrule appellants' fifth issue.

### Conclusion

For these reasons, we affirm the trial court's order granting the State's motion to dismiss and dismissing appellants' suit against the State with prejudice.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Kelly

Affirmed

Filed: April 26, 2019

21